UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TAYLOR LISLE** and **JAYMEY HENRY**, | ) |
| | ) CASE NO. |
| Plaintiffs, | ) |
| | ) JUDGE: |
| v. | ) |
| | ) |
| **SOUTHERN OHIO DISPOSAL, LLC,** | ) **COMPLAINT** |
| | ) |
| | ) |
| Defendant. | ) **JURY DEMAND ENDORSED** |
| | ) **HEREON** |
| | ) |

Plaintiffs, Taylor Lisle and Jaymey Henry, bring this lawsuit against Defendant, Southern Ohio Disposal, LLC, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiff's claims occurred here.

## PARTIES

3. Taylor Lisle is an adult residing in Hocking County.

4. Jaymey Henry is an adult residing in Athens County.

5. Defendant Southern Ohio Disposal, LLC is a privately held, for-profit corporation doing business in Ohio with its principal place of business located in Logan, Ohio. Defendant can be served through its registered statutory agent, Brandon A. Ogg, 482 Zanesville Avenue, Logan, Ohio 43138.

1

6. Based upon information and belief, Defendant's gross revenue was in excess of $500,000.00 per annum during all times material to this complaint.

7. During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

8. During all times material to this complaint, Defendant was an "employer" within the meaning of the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act") and the Ohio Constitution.

9. During all times material to this complaint, Plaintiffs were "engaged in commerce" within the meaning of 29 U.S.C. § 206, *et seq.* and 29 U.S.C. § 207, and subject to the individual coverage of the FLSA.

10. During all times material to this complaint, Plaintiffs were "employees" of Defendant within the meaning of 29 U.S.C. § 203(d).

11. During all times material to this complaint, Plaintiffs were "employees" of Defendant within the meaning of the Ohio Wage Act and the Ohio Constitution.

**STATEMENT OF FACTS**

12. At all relevant times, Plaintiffs worked for Defendant as "trash slingers".

13. At all relevant times, Defendant misclassified Plaintiffs as independent contractors.

14. Plaintiffs were not independent contractors in that Defendant exercised significant control over the Plaintiffs. Plaintiffs were employees of Defendant.

15. Plaintiffs did not qualify for an exemption from the overtime obligations imposed by the FLSA during their employment with Defendant.

16. Plaintiffs routinely worked in excess of forty (40) hours per workweek. Defendant, however, never paid Plaintiffs at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) per workweek.

17. In failing to compensate Plaintiffs for all hours worked, including overtime, Defendant acted willfully and with reckless disregard of the FLSA.

## **COUNT I**

18. All previous paragraphs are incorporated as though fully set forth herein.

19. During all times material to this complaint, Defendant was an employer within the meaning of the FLSA.

20. During all times material to this complaint, Plaintiffs were employees within the meaning of the FLSA.

21. During all times material to this complaint, Defendant was an enterprise engaged in commerce or production of goods for commerce within the meaning of the FLSA.

22. During all times material to this complaint, Defendant's gross revenue was in excess of $500,000.00 per annum.

23. Plaintiffs do not qualify for an exemption from the overtime obligations imposed by the FLSA.

24. At all times relevant to this complaint, Plaintiffs were entitled to be paid at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per workweek.

25. During their employment with Defendant, Plaintiffs worked in excess of forty (40) hours per workweek but were not compensated at a rate of one and one-half times Plaintiffs' regular

rate.

26. Throughout Plaintiffs' employment, Defendant has known that Plaintiffs were not exempt from the overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all hours worked over forty (40) in any workweek.

27. Defendant's failure to pay Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) per workweek was willful.

28. The exact amount of compensation that Defendant has failed to pay Plaintiffs is unknown at this time, as many of the records necessary to make such a precise calculation are in Defendant's possession, or were not kept by Defendant.

29. The FLSA requires employers to make, keep and preserve records of the wages, hours and other conditional and practices of employment. Plaintiffs are entitled to review their records of hours worked and wages to determine the exact amount of overtime owed to them. Absent Defendant keeping these records as required by law, Plaintiffs are entitled to submit their information about the hours worked.

30. Defendant's failure to pay Plaintiffs overtime compensation for all hours worked over forty (40) per workweek was not based on good faith or reasonable grounds. Plaintiffs are therefore entitled to liquidated damages in an amount equal to the compensation and overtime to which they have not been paid.

31. Plaintiffs have also been required to file this action as a result of Defendant's actions in failing to pay them overtime compensation. As such, Plaintiffs are entitled to attorneys' fees and costs.

## **COUNT II**

32. All previous paragraphs are incorporated as though fully set forth herein.

33. The Ohio Constitution, Article II, § 34(a) requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek.

34. The Ohio Wage Act requires every employer to make and keep, for a period of not less than three years, payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek.

35. Defendant is a covered employer required to comply with the mandates of the Ohio Constitution and the Ohio Wage Act.

36. Plaintiffs were covered employees entitled to protection of the Ohio Constitution and the Ohio Wage Act.

37. Defendant violated the Ohio Constitution and the Ohio Wage Act with respect to Plaintiffs by failing to properly maintain accurate records of the actual hour Plaintiffs worked each workday and within each workweek.

38. In violating the Ohio Constitution and the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Constitutional provisions and the Ohio Wage Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgement against Defendant for an Order providing the following relief:

A. Unpaid overtime wages as provided under the FLSA;

B. Liquidated damages to the fullest extent permitted by law;

C. Litigation costs, expenses and attorneys' fees; and,

D. Such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St. NW
Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ *Shannon M. Draher*
*Counsel for Plaintiffs*

6